[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover for waste of demised premises.
The defendant counterclaims alleging plaintiff's negligence in leaving premises unlocked and with plaintiff's key in the lock resulted in losses and damages to the defendant.
The court, after hearing the evidence, examining the exhibits and applying the law finds the following facts: The demised premises were occupied by the defendant for use as a machine shop for a period of three years. That storage of and spillage of liquids on the asphalt paving in front of the building caused the asphalt to deteriorate to the extent that it required replacement. That the interior walls of the building were not adequately repainted by the defendant causing discoloration from underlining materials resulting from the machine shop operations. That repainting was required at a cost to the plaintiff of $250.00.
That damage was done to an overhead door in the amount of $500.00.
That cleanup costs to remove refuse and abandoned equipment resulted in damages to the plaintiff of $192.00.
That the reasonable cost of repairs to the asphalt area amounted to $2,850.00, less depreciation of the original asphalt over a period of eight years. This depreciation as a percentage of the useful life of the pavement attributable to the defendant is 64 percent. That the plaintiff's recoverable damages is $1,938.00.
That the total of the defendant's waste of the demised premises together with associated costs amount to $3,000.00. CT Page 11326
Therefore, judgment on the complaint may enter for the plaintiff in the sum of $3,000.00, plus costs and attorney fees of $1,000.00.
As to the defendant's counterclaim, his counterclaim alleges that the plaintiff negligently permitted his key to be used to unlock the door to the demised premises resulting in the loss of cutting tools and gauges in the sum of $9,500.00.
The court finds that the plaintiff lessor's key was used to gain entry into the demised premises. That numerous items of tools and gauges belonging to the defendant and used in his machine shop business were removed. That the defendant's losses were directly attributable to the availability of plaintiff's key for gaining entry into the defendant's premises. That the loss suffered by the defendant amount to $9,500.00.
The court further finds that the said tools and gauges depreciated at the rate of 7 percent per year. That the depreciation was over the period from the start of the lease to the day of the loss in May 1993. The depreciation amounted to $1,668.80. That the amount of the defendant's loss was $7,831.20.
Therefore, as to the counterclaim, judgment may enter for the defendant against the plaintiff on the counterclaim in accordance with the above findings, together with costs.
It is so ordered.
JULIUS J. KREMSKI STATE TRIAL REFEREE